

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Peter C. Lewis)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FAUSTINO SALVADOR RAMIREZ-JUAREZ,<br><br>Defendant. | Magistrate Case No.: 17-MJ-08668-PCL<br>Criminal Case No.: 17-CR-2002-CAB<br><br>**ORDER FOR THE VIDEOTAPE DEPOSITIONS OF THE MATERIAL WITNESSES** |

Pursuant to the motion of material witnesses Regino Corona-Gomez, Julio Mejia-Chitic, Oscar Salinas-Gonzalez, and Felicito Chitic-Mejia [the "Material Witnesses"], by and through their attorney, Robert E. Schroth Jr., by appearance of the parties and their respective counsel, and good cause appearing:

1. Unless the Material Witnesses are previously released from custody of both the U.S. Marshall and the United States Border Patrol, the Material Witnesses, Regino Corona-Gomez, Julio Mejia-Chitic, Oscar Salinas-Gonzalez, and Felicito Chitic-Mejia shall be deposed on **August 29, 2017 at 10:00 AM.** The depositions will be held at the U.S. Attorney's office in San Diego, California. An employee of the U.S. Attorney's office shall serve as the videotape operator.

2. All parties shall attend the depositions. The arresting agency shall bring the Material Witnesses to the deposition and remain present during the proceeding. If the defendant(s) are in custody, they shall be brought separately to the depositions and a marshal shall remain present during the entire proceeding.

3. The United States Attorney's Office shall arrange for a court-certified interpreter to be present for the Material Witnesses, if necessary. The cost of the interpreter for the Material Witnesses will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

4. If a defendant needs an interpreter independent of the Material Witnesses' interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter shall be paid by the court.

5. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the depositions in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be borne by the U.S. Attorney's Office.

6. The depositions shall be video recorded. Prior to the conclusion of each deposition, the deponent, or a party, may elect to have the deponent review the video record of his depositions and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent(s).

7. The video operator shall select and supply all equipment required to video record and audio record the depositions and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the witnesses and assures clear reproduction of each witness's testimony and the statements of

counsel. The witnesses, or any party to the action, may place upon the record any objection to the video operator's handling of any of these matters. Such objection shall be considered by the Court in ruling on the admissibility of the video and/or audio record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

8. The Material Witnesses shall be deposed in an order as determined the Assistant United States Attorney conducting the depositions for the prosecution. The deposition shall be recorded in a fair, impartial, objective manner. The video equipment shall be focused on the witnesses; however, the video operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witnesses during the deposition.

9. Before examination of the witnesses, the notary shall state on the video/audio record: (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the room. The notary shall then swear the witnesses on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record. If more than one video recording is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new recording.

10. The video operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the record is stopped or started, the video operator shall announce the time on the record. If the deposition requires the use of more than one recording media, the end

of each recording media and the beginning of the next shall be announced orally on the video record by the operator.

11. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

12. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed. R. Civ. P. 32(c).

13. Copies of all exhibits utilized during the videotaped deposition shall be marked for identification during the deposition and filed along with the videotape.

14. At the conclusion of each deposition, the Government and defendants will advise the material witness' attorney 1) if they waive entirely the requirement that the material witness review and sign a transcript of the deposition under oath before release; or 2) if they agree the material witness may review the video recording of the deposition and make changes or attest to there being no changes in writing, signed under oath in lieu of reviewing and signing under oath a transcript pursuant to Fed. R. Crim. P. 15(a) (2).

15. At the conclusion of each deposition, the Government and defendants will also advise the material witness' attorney if they intend to object to the release of the material witnesses. If the parties do not object to the witnesses' release, the Government and defense attorney will immediately approve an order for the material witnesses' release from custody, which order shall be conditioned on the material witness reviewing and signing under oath a transcript of the

deposition, unless the material witness has waive entirely the requirement that the material witness review and sign a transcript of the deposition under oath before release. The Government will provide the witnesses with a subpoena for the trial date, a travel advance fund letter, and written authorization to enter the United States to testify at trial.

16. If either party objects to the release of the material witnesses, the objecting party must immediately request in writing a hearing on the issue before the District Court within four business hours after the deposition is concluded. At the hearing, the objecting party must be prepared to show why the release of the material witnesses is not appropriate under 18 U.S.C. § 3144. If, after the hearing, the Court decides to release the material witnesses, the material witnesses' attorney should file the witness release order immediately, which order shall be conditioned on the material witness reviewing and signing under oath a transcript of the deposition unless the parties have reached another agreement. Again, the Government must serve the witnesses with a trial subpoena, a travel fund advance letter, and written authorization to legally enter the United States to testify at trial before the material witnesses are released.

17. Upon request by either party, the videotape operator shall provide a copy of the deposition video recording to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the video operator shall turn a true and correct copy of the video recording (the original "video recording") the original videotape over to the notary along with a certificate signed by the video operator attesting that the video recording is an accurate and complete record of the deposition.

18. The notary shall file this original video recording, along with the any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witnesses and the date of the deposition. To that envelope, the notary shall

attach the sworn statement that the video recording is accurate and complete record of the recorded deposition and certification that the witnesses were duly sworn by the officer.

19. To the extent that the procedures set forth herein for the videotaping vary from those set forth in Rules 28 and 30 F. R.Civ. P., these variations are found to be for good cause shown as allowed by F. R. Civ. P. 29.

20. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the video record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

**It Is So Ordered.**

DATED: August 14, 2017

By: _____
Peter C. Lewis
United States Magistrate Judge